PHIL MECHANIC CONSTRUCTION COMPANY, INC. AND JOHN E. SHACKELFORD, SUBSTITUTE TRUSTEE v. CONRAD HAYWOOD AND GENEVA HAYWOOD

No. 8129SC425

(Filed 16 March 1982)

**Courts § 6— appeal to superior court from clerk—failure to perfect appeal in time**

The superior court had no jurisdiction to review an order of the clerk denying a request for a foreclosure sale of property securing a deed of trust where petitioners failed to perfect their appeal by giving notice of appeal within ten days after entry of the order as required by G.S. 1-272.

APPEAL by petitioners from *Lamm, Judge.* Judgment entered 20 January 1981, in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 9 December 1981.

A special proceeding was instituted by petitioners on 13 March 1980 to foreclose on a deed of trust. A hearing was conducted by the Clerk of Superior Court of Rutherford County on 3 April 1980, at which time the request of petitioners for sale by foreclosure was denied. Petitioners gave notice of appeal to the Superior Court on 15 April 1980. The matter was placed on the Superior Court calendar for the September 1980 and 12 January sessions of court, but neither the petitioners nor their representative appeared in court at either session. The appeal was dismissed by order dated 20 January 1981 for failure of the petitioners to appear and prosecute. Petitioners appeal from the order.

*Riddle, Shackelford and Hyler, by John E. Shackelford, for petitioner appellants.*

*George R. Morrow and J. H. Burwell, Jr., for respondent appellees.*

MORRIS, Chief Judge.

Petitioners cite authority for the proposition that the court erred in its dismissal of the proceeding for failure to prosecute, because there was no finding that petitioners engaged in delay tactics. They also contend that the court improperly dismissed the action on its own motion, and note that there is no indication

in the order of the Superior Court with respect to whether the case was ever reached for hearing.

We deem it unnecessary to speak to the issues of deliberateness of delay, the source of the motion to dismiss, or whether the matter came to be heard, as petitioners failed to perfect their appeal from the order of the Clerk by giving notice of appeal to the Superior Court within ten days of the entry of the order as required by G.S. 1-272. The court was, therefore, without jurisdiction to review the ruling. *Spaulding Division of Questors Corp. v. DuBose*, 46 N.C. App. 612, 265 S.E. 2d 501, *cert. denied*, 300 N.C. 375, 267 S.E. 2d 678 (1980).

Vacated and remanded for entry of an order of dismissal.

Judges HEDRICK and MARTIN (Robert M.) concur.