PHIL MECHANIC CONSTRUCTION COMPANY, INC., AND DAVID HILLIER, SUBSTITUTE TRUSTEE v. CONRAD HAYWOOD AND GENEVA HAYWOOD

No. 8429DC172

(Filed 15 January 1985)

**1. Mortgages and Deeds of Trust § 25— sale under deed of trust—special proceeding**

A procedure for sale under a deed of trust pursuant to G.S. 45-21.1 is commenced by serving a notice of hearing and not a summons, and is therefore a "special proceeding."

2. **Mortgages and Deeds of Trust § 25— foreclosure under power of sale —validity of debt—trustee's right to foreclose—res judicata**

> When a mortgagee or trustee elects to pursue foreclosure under a power of sale pursuant to G.S. 45-21.1 et seq., issues decided thereunder as to the validity of the debt and the trustee's right to foreclose are *res judicata* and cannot be relitigated in an action for strict judicial foreclosure.

3. **Uniform Commercial Code § 33— signature on promissory note—issue not determined in prior proceeding**

> The trial court erred in dismissing plaintiff's action on a promissory note as to the female defendant, since the order in a prior special proceeding addressed the issue of whether she signed a deed of trust but did not address the issue of whether she signed the promissory note.

APPEAL by plaintiffs from *Hix, Judge*. Judgment entered 15 September 1983 in District Court, RUTHERFORD County. Heard in the Court of Appeals 25 October 1984.

This is a civil action in which plaintiffs, Phil Mechanic Construction Company, Inc. and David Hillier, substitute trustee, seek to recover money owed on a debt secured by a deed of trust and to foreclose on the deed of trust.

The essential facts are:

This action is based upon a promissory note and deed of trust which was also the basis for relief sought in an earlier special proceeding pursuant to G.S. 45-21.1 et seq. (*Phil Mechanic Construction Company, Inc. and John E. Shackelford, Substitute Trustee v. Conrad Haywood and Geneva Haywood*, 80SP54, judgment entered 3 April 1980 by the Clerk of Superior Court, Rutherford County.) The issue in the prior special proceeding before the Clerk of Superior Court was to determine the validity of the debt secured by the alleged deed of trust and the trustee's right to foreclose. The Clerk of Superior Court found that "respondent Geneva Haywood had no prior knowledge of the deed of trust she is alleged to have signed and that the signature appearing on said deed of trust is not that of respondent Geneva Haywood." The Clerk of Superior Court denied the request to proceed to foreclosure under the power of sale contained in the deed of trust.

No appeal from the decision of the Clerk of Superior Court in 80SP54 was perfected and the order entered by the clerk became final as to the issues and parties.

Plaintiffs here filed this action to foreclose upon the deed of trust in question on 27 April 1982 and defendants answered, pleading the order of the Clerk of Superior Court, entered 3 April 1980 in bar of foreclosure.

The trial court made findings of fact and conclusions of law and ordered plaintiff's case dismissed finding that the 3 April 1980 order of the Clerk of Superior Court was *res judicata.*

Plaintiffs appeal.

*Riddle, Shackelford and Hyler, by John E. Shackelford for plaintiff-appellant.*

*J. H. Burwell, Jr. and George R. Morrow, for defendant-appellee.*

EAGLES, Judge.

I

Plaintiffs first assign as error the trial court's dismissal of this action on the deed of trust as to defendant Geneva Haywood, as *res judicata.*

[1] The basis of plaintiffs' argument is that the former proceeding before the Clerk of Superior Court was brought under G.S. 45-21.1 et seq. and is neither a civil action or a special proceeding. Plaintiff further argues that G.S. 45-21.2 clearly states that the "right to foreclose by action in court" is not affected by a proceeding under this article. We disagree.

G.S. 1-1 provides that "[r]emedies in the courts of justice are divided into (1) Actions" and "(2) Special Proceedings." G.S. 1-2 states "[a]n action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense," while G.S. 1-3 notes that "[e]very other remedy is a special proceeding." *But see In re Cook,* 218 N.C. 384, 11 S.E. 2d 142 (1940) (proceeding under former G.S. 122-36 et seq. in strictness, seems to be neither a civil action nor a special proceeding).

We note that:

> Actions include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relative to actions at law or suits in equity . . . special proceedings include those proceedings which are not ordinary in this sense, but are instituted and prosecuted according to some special mode, as in the case of proceedings commenced without a summons, and prosecuted without regular pleadings, which are characteristics of ordinary actions.

1 C.J.S., Actions, Section 42 (1936 – Supp. 1984). The procedure for sale pursuant to G.S. 45-21.1 et seq. is commenced by serving a notice of hearing and not a summons. G.S. 45-21.16. As such, proceedings under G.S. 45-21.1 fall within the description of "special proceedings." We also note that this court, in ruling that plaintiffs failed to perfect their appeal from the order of the Clerk of Superior Court, specifically denominated that case a "special proceeding." *Mechanic Construction Co. v. Haywood*, 56 N.C. App. 464, 289 S.E. 2d 134 (1982). Since rights sought to be enforced under G.S. 45-21.1 et seq. are instituted by filing notice instead of a complaint and summons and are prosecuted without regular pleadings, they are properly characterized as "special proceedings."

[2] Plaintiffs also argue that the clear intention of the legislature was not to bar other actions in court since G.S. 45-21.2 states "[t]his Article does not affect any right to foreclosure by action in court, and is not applicable to such actions." While we agree that the intention of the legislature was not to bar other actions in court, we do not agree that an order entered by the Clerk of Superior Court construing the validity of the debt and the trustee's right to foreclose, pursuant to G.S. 45-21.1 et seq., cannot be *res judicata* as to a subsequent action based on the issues decided in the clerk's order.

There are two methods of foreclosure possible in North Carolina: foreclosure by action and foreclosure by power of sale. 9 North Carolina Index 3d, Mortgages and Deeds of Trust, Sections 24, 25 (1977). Foreclosure by action requires formal judicial proceedings initiated by summons and complaint in the county where the property is located and culminating in a judicial sale of the foreclosed property if the mortgagee prevails. *Id.*

A foreclosure pursuant to a power of sale, however, is strictly regulated by G.S. 45-21.1 et seq. which requires a hearing before the Clerk of Superior Court to determine four issues:

    1. the existence of a valid debt;

    2. the existence of a default;

    3. the trustee's right to foreclose;

and,

    4. sufficiency of notice.

G.S. 45-21.16(d); *In Re Foreclosure of Burgess*, 47 N.C. App. 599, 267 S.E. 2d 915 (1980).

If the Clerk determines the existence of each item, the Clerk then authorizes the trustee to proceed with the sale pursuant to the power of sale contained in the mortgage instrument itself. This procedure enables the trustee or mortgagee to conduct the foreclosure sale with a level of judicial involvement somewhat less than that required in a foreclosure by action. If the mortgage contains a power of sale, the mortgagee or trustee may elect to proceed under G.S. 45-21.1 et seq. or may choose to proceed under foreclosure by action. G.S. 45-21.1 et seq. does not apply to or prevent the bringing of a foreclosure by action. G.S. 45-21.2.

However, when a mortgagee or trustee elects to proceed under G.S. 45-21.1, et seq., issues decided thereunder as to the validity of the debt and the trustee's right to foreclose are *res judicata* and cannot be relitigated in an action for strict judicial foreclosure.

We note that decisions of the Clerk of Superior Court pursuant to G.S. 45-21.1 et seq. are appealable to the judge of superior court within ten days. An appeal requires a hearing *de novo* before the judge as to the issues decided by the Clerk of Superior Court pursuant to G.S. 45-21.16(d). *In Re Foreclosure of Watts*, 38 N.C. App. 90, 247 S.E. 2d 427 (1978). Since plaintiffs did not perfect an appeal of the order of the Clerk of Superior Court, the clerk's order is binding and plaintiffs are estopped from arguing those same issues in this case. For these reasons, the trial court did not err in dismissing this action on the deed of trust as barred by *res judicata*.

## II

[3]   Plaintiffs next assign as error the trial court's dismissal of the action on the note as to defendant Geneva Haywood. We agree that there was error.

The order in the special proceeding pursuant to G.S. 45-21.1 et seq. found that "Geneva Haywood had no prior knowledge of the Deed of Trust" and "that the signature appearing on said Deed of Trust is not that of Respondent, Geneva Haywood." The order of the Clerk of Superior Court did not address the issue of whether defendant, Geneva Haywood, signed the promissory note.

The complaint filed by plaintiffs in this action also seeks the amount of money due and owing to plaintiffs, $4,720.00 plus interest. Since there is no order that is *res judicata* as to this issue, it was error for the trial court to dismiss Geneva Haywood from the action on the note.

Judgment of the trial court denying foreclosure of the deed of trust is affirmed. The portion of the trial court's judgment that purports to dismiss the action on the promissory note is reversed and a new trial is ordered on the issue of Geneva Haywood's liability upon the promissory note.

Affirmed in part, reversed in part, new trial ordered.

Chief Judge VAUGHN and Judge BRASWELL concur.

Former Chief Judge VAUGHN concurred in the result reached in this case prior to 31 December 1984.

Judge BRASWELL concurred in the result reached in this case prior to 31 December 1984.