IN RE ESTATE OF STURMAN

[93 N.C. App. 473 (1989)]

Affirmed.

Judges JOHNSON and PHILLIPS concur.

---

IN THE MATTER OF: THE ESTATE OF WILLIAM L. STURMAN, DECEASED

No. 8826DC635

(Filed 18 April 1989)

1. **Infants § 9— revocation of letters testamentary—appointment of guardian ad litem for deceased's children—no error**

    The Clerk of Superior Court had statutory authority to appoint a guardian ad litem for the minor heirs of the Sturman estate in a proceeding for the revocation of the letters testamentary of the administratrix. A revocation hearing should be characterized as a special proceeding for the purposes of applying N.C.G.S. § 1A-1, Rule 17 because the hearing is initiated by filing notice instead of a complaint and summons and is prosecuted without regular pleadings; Rule 17 provides for the appointment of a guardian ad litem in actions or special proceedings where a party is either a plaintiff or defendant. The minor heirs clearly had a vested interest in who administered the estate of their deceased father and were entitled under N.C.G.S. § 28A-9-1 to appeal the decision of the Clerk on the revocation issue.

2. **Attorneys at Law § 7.5— guardian ad litem—attorney fee taxed to estate—no error**

    The Clerk of Superior Court did not err by taxing the costs of the guardian ad litem's attorney fee to the estate where the Clerk upon his own motion sought to have the administratrix of the estate removed; the minor heirs clearly had a vested interest and the right of appeal from the Clerk's determination; and the Clerk took the appropriate and proper step of appointing a guardian ad litem to protect their interests.

APPEAL by administratrix-appellant from *Boner (Richard D.)*, *Judge*. Order entered 13 January 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 December 1988.

On 20 December 1984, Janis H. Sturman was appointed administratrix of her husband's estate. During the course of her administration, Mrs. Sturman received an order from the Assistant Clerk to appear and show cause why she should not be removed as the administratrix. This proceeding was initiated by the Clerk *ex mero motu.*

On 6 April 1987, John F. Rudisill, a licensed attorney, was appointed by the Clerk of Court as guardian ad litem of the minor heirs of the Sturman estate. He was appointed for the purpose of representing their interests at the hearing and subsequent appeal involving the petition to remove the administratrix. Rudisill replaced another attorney who had been the minor heirs' guardian ad litem for the purpose of the sale of the estate's real property. *See* G.S. 28A-9-1 (1984).

The Assistant Clerk of Superior Court issued an order on 22 June 1987 revoking the letters testamentary of the administratrix pursuant to G.S. 28A-9-1. The matter was appealed to Superior Court where the Clerk's order was reversed.

On 9 October 1987, Rudisill filed a petition for legal fees as guardian ad litem in the amount of $3,917.85. On 14 October 1987, the Assistant Clerk of Superior Court entered an order allowing the fees. The administratrix filed exceptions to this order which was affirmed by the Superior Court.

The administratrix claims on appeal that the Clerk of Superior Court did not have the power to appoint a guardian ad litem in a probate matter. Further, the administratrix claims that even if the Clerk did have the authority to appoint a guardian ad litem, the Clerk did not have the power to order the administratrix to pay the attorney's fees out of the decedent's estate.

*James, McElroy & Diehl, P.A., by Robert H. Sheppard and P. Kevin Carwile, for administratrix-appellant.*

*John F. Rudisill, Guardian Ad Litem for William L. Sturman, Jr. and Mary Lura Sturman, Minor Heirs of the Estate of William L. Sturman.*

ORR, Judge.

I.

[1] The first consideration for this Court is whether the procedure for the revocation of the letters testamentary of an administratrix

## IN RE ESTATE OF STURMAN

[93 N.C. App. 473 (1989)]

as set forth in G.S. 28A-9-1 is an "action" or "special proceeding." *See* G.S. 1A-1, Rule 17 (1983). If the revocation matter is an "action" or "special proceeding" under G.S. 1A-1, Rule 17(b), then the Clerk had statutory authority to appoint the guardian ad litem.

Rule 17 provides for the appointment of a guardian ad litem "in actions or special proceedings" where a party is either a plaintiff or a defendant. *See* G.S. 1A-1, Rule 17(b)(1) and (b)(2). In G.S. 1A-1, Rule 17(b)(3), the rule allows the appointment of a guardian ad litem "notwithstanding the provisions of (b)(1) and (b)(2) . . . in any case when it is deemed by the Court in which the action is pending expedient to have the infant . . . so represented . . . ."

The administratrix argues for a narrow construction of this rule on the grounds that the minor heirs were not "parties" to the revocation procedure and that it was neither an action nor special proceeding as required by Rule 17. We decline to adopt the administratrix' position and hold that the Clerk was authorized under Rule 17 to appoint a guardian ad litem in this matter. Clearly, the minor heirs had a vested interest in who administered the estate of their deceased father and were entitled under G.S. 28A-9-1 to appeal the decision of the Clerk on the revocation issue. This is sufficient in our view to bring the matter within the purview of Rule 17 providing it is an "action or special proceeding."

Relying on the authority of *Phil Mechanic Construction Co. v. Haywood,* 72 N.C. App. 318, 325 S.E. 2d 1 (1985), we further conclude that the revocation hearing constitutes a special proceeding. In *Mechanic,* the plaintiffs contended that an action brought under G.S. 45-21.1 *et seq.* dealing with foreclosure was neither a court action nor a special proceeding.

Our Court noted:

'Actions include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relative to actions at law or suits in equity . . . special proceedings include those proceedings which are not ordinary in this sense, but are instituted and prosecuted according to some special mode, as in the case of proceedings commenced without a summons, and prosecuted without regular pleadings, which are characteristic of ordinary actions.'

*Id.* at 321, 325 S.E. 2d at 2 (quoting 1 C.J.S., Actions, Section 42 (1936—Supp. 1984) ).

IN RE ESTATE OF STURMAN

[93 N.C. App. 473 (1989)]

The Court in *Mechanic* concluded that since the rights sought to be enforced under G.S. 45-21.1 *et seq.* were instituted by filing a notice instead of a complaint and summons and were prosecuted without regular pleadings, they were properly characterized as "special" proceedings.

Likewise, in the case *sub judice*, a revocation hearing pursuant to G.S. 28A-9-1 is instituted by filing notice instead of a complaint and summons, and is prosecuted without regular pleadings. We also conclude that this procedure should be characterized as a "special proceeding" for the purpose of applying Rule 17. We therefore affirm the Clerk's action in appointing a guardian ad litem.

II.

[2] We turn now to the issue of the Clerk's authority to tax the costs of the guardian ad litem's attorney fee to the estate. The administratrix contends that there is no authority for such action. We disagree for the reasons set forth below and affirm the trial court's decision.

As noted in the case of *In re NCNB*, 52 N.C. App. 353, 278 S.E. 2d 330, *disc. rev. denied*, 303 N.C. 544, 281 S.E. 2d 393 (1981), counsel fees are not recoverable as a part of costs except where provided by law which means either by statutory authority *or* by virtue of case law sanctioning such recovery.

Under both G.S. 7A-306 governing "Costs in special proceedings" and G.S. 7A-307 governing "Costs in administration of estates," the court is authorized to tax as costs both counsel fees and fees for a guardian ad litem "as provided by law." Under G.S. 7A-103(11) dealing with the powers of a clerk of superior court, a clerk can "[a]ward costs . . . as prescribed by law, to be paid . . . out of the estate . . . in any proceeding before him." Therefore, there is ample authority for the Clerk's action in the case *sub judice* if such action is authorized either by statute or by case law.

Since there is no specific statutory authority for either counsel fees or guardian ad litem fees in this type of case to be taxed as costs, we must rely on prior decisions of our courts. To this extent, we can find authority for the Clerk's action in *In re Stone*, 176 N.C. 336, 97 S.E. 216 (1918), where the issue before the Court was an award of attorney's fees due to the attorney `hired by the minor's "next friend." The Court noted:

## IN RE ESTATE OF STURMAN

[93 N.C. App. 473 (1989)]

The *prochein ami*, or next friend, is appointed by the court to protect the infant's rights. It is essential that he have the assistance of counsel learned in the law. The infant has no power to contract as to fees, and in most cases is too young to understand such matters. Referring to the duty of the court in respect to infants, in *Tate v. Mott*, 96 N.C. 23, Judge Merrimon says: 'The infant is in an important sense under the protection of the court; it is careful of his rights, and will in a proper case interfere in his behalf and take, and direct to be taken, all proper steps in the course of the action for the protection of his rights and interests.'

It would be very singular that the Courts should assume the duty of seeing that all steps are taken to protect the infant's rights and yet deny to themselves the power to compel the payment of the necessary expenses out of the infant's estate recovered in the cause.

*Id.* at 338, 97 S.E. at 217.

Additional authority for this proposition can be found in *In Re Will of Howell*, 204 N.C. 437, 168 S.E. 671 (1933).

It is true, that in the exercise of chancery powers, or by express statute, the court may make an allowance for attorney's fees as reasonable expenses incurred by a personal representative, trustee, or person appointed by the court for a particular purpose, as next friend or guardian *ad litem* for an infant or insane person. In such cases the amount to be paid does not depend upon the agreement of the parties, but is within the control of the court.

*Id.* at 438, 168 S.E. at 672.

In the case before us, the Clerk upon his own motion, sought to have the administratrix of the estate removed. Since the minor heirs clearly had a vested interest and the right of appeal from the Clerk's determination, the Clerk took the appropriate and proper step of appointing a guardian ad litem to protect their interests. To say as in *Stone* that the Clerk properly assumed the duty of seeing that all steps were taken to protect the minors' rights, but was powerless to compel the payment of the necessary expenses from the estate to which the heirs would potentially benefit, would indeed be "singular" and a detriment to the proper administration of justice and the protection of minors.

The decision of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.