IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF EARL L. PICKETT ENTERPRISES, INC.

No. 9314SC277

(Filed 19 April 1994)

**Mortgages and Deeds of Trust § 109 (NCI4th) — foreclosure sale — bidder's refusal to pay amount bid — resale — improper addition of debtor to proceeding**

Where the high bidder in a foreclosure proceeding instituted only against the corporate debtor refused to pay its bid price because certain secured equipment had been removed from the property, and the ten-day period for an upset bid had passed, the clerk of court properly held that the bidder would be liable on its bid to the extent that the final sales price on a resale was less than the amount of its bid. However, the trustee improperly issued a new notice of hearing on foreclosure adding the individual debtor, and the clerk of court improperly conducted a new foreclosure hearing allowing the addition of the individual debtor as a party, since the trustee cannot now attempt to obligate the individual debtor to what may turn out to be a deficiency judgment because of the original high bidder's liability on its bid.

**Am Jur 2d, Mortgages §§ 754 et seq.**

Appeal by Earl L. Pickett, individually, from order entered 18 November 1992 by Judge A. Leon Stanback in Durham County Superior Court. Heard in the Court of Appeals 11 January 1994.

**IN RE FORECLOSURE OF EARL L. PICKETT ENTERPRISES**

[114 N.C. App. 489 (1994)]

*King, Walker, Lambe & Crabtree, by Daniel Snipes Johnson, for Earl L. Pickett, individually, appellant.*

*Stubbs, Cole, Breedlove, Prentis & Biggs, by Terry D. Fisher, for Central Carolina Bank and Trust Company, appellee.*

JOHNSON, Judge.

The real property which is the subject of the foreclosure proceeding in this matter was commercial property owned by Earl L. Pickett Enterprises, Inc. (hereafter, Pickett Enterprises) and was the location of a self service car wash. In March 1991, Pickett Enterprises and appellant Earl L. Pickett, individually (hereafter, Pickett) executed a promissory note in favor of appellee Central Carolina Bank and Trust Company (hereafter, CCB) in the amount of $225,000.00. This note was secured by a line of credit deed of trust from Pickett Enterprises. The note was further secured by a security agreement granting a security interest in certain personal property owned by the corporation. This personal property consisted of vacuum units, a bill changing machine, car wash units and other related items. The note went into default and a foreclosure proceeding was instituted against Pickett Enterprises pursuant to a 15 May 1992 petition for hearing prior to a foreclosure sale filed by the substitute trustee. A notice of hearing addressed to Pickett Enterprises along with the petition and notice of sale was served by mail on Picket Enterprises on 16 May 1992.

On 16 June 1992, a foreclosure hearing was held by the assistant clerk of superior court who entered an order on that date authorizing the substitute trustee to hold the foreclosure sale. No appeal to superior court was taken from this 16 June 1992 order.

In June 1992, prior to the foreclosure sale, officers of CCB inspected the subject property and found all portions of the equipment described in the security agreement to be in place except for one or two vacuum units.

Pursuant to the foreclosure order, the foreclosure sale was held on 7 July 1992, at which sale CCB became the last and highest bidder for the subject property at a price of $130,000.00. The trustee filed a report of the sale on 7 July 1992. On 8 July 1992, an officer of CCB returned to the subject property and discovered that a substantial portion of the equipment earlier found at the car wash had been removed.

IN RE FORECLOSURE OF EARL L. PICKETT ENTERPRISES

[114 N.C. App. 489 (1994)]

No upset bid was placed with the clerk within ten days of the filing of the report of sale. Thereafter, CCB notified the substitute trustee that it would refuse to accept tender of a deed to the subject property at the bid price of $130,000.00. We note that this action, in essence, was a refusal by CCB to pay the bid price which it had bid at the foreclosure sale of the subject property. The trustee did not take any action against CCB for its failure to pay the bid price pursuant to its bid at the 7 July 1992 foreclosure sale.

On 31 July 1992, the trustee issued a new notice of hearing on foreclosure of the deed of trust naming both Pickett and Pickett Enterprises as parties. This new notice scheduled a foreclosure hearing for 31 August 1992. The substitute trustee served this notice on Pickett as well as Pickett Enterprises. On 31 August 1992, Pickett and Pickett Enterprises objected in writing to the new notice of foreclosure hearing. The hearing originally scheduled for 31 August 1992 was rescheduled for 8 September 1992 before the clerk of superior court.

After this 8 September 1992 hearing was held, the clerk of superior court by order dated 18 September 1992 granted Pickett Enterprises' objection to the new foreclosure hearing, but denied Pickett's objection. The clerk then conducted a new foreclosure hearing allowing the addition of Pickett as a party. In this order the clerk also held that CCB would be liable on its bid to the extent that the final sales price on the resale was less than the amount of its bid.

On 24 September 1992, Pickett filed an appeal to the superior court from the 18 September 1992 order. CCB cross-appealed from the finding of the clerk that it was liable on its 7 July 1992 bid. By order dated 18 November 1992, the superior court adopted the findings of fact and conclusions of law contained in the clerk's order, except that the court found "that the issue of whether the high bidder at the July 7, 1992 sale held in this proceeding should be held liable on its bid to the extent that the final sales price on re-sale is less than the amount of such bid, plus costs of re-sale or re-sales, is not properly before the Court at this time."

After notice of appeal to our Court, the property was resold at a sale held on 14 December 1992, and CCB was once again the highest and last bidder for the subject property, this time with a bid of $120,000.00.

IN RE FORECLOSURE OF EARL L. PICKETT ENTERPRISES

[114 N.C. App. 489 (1994)]

The issue before this Court on appeal is whether the trial court erred in allowing the trustee to hold a new hearing and sale in this foreclosure proceeding, adding a new deficiency debtor, after the assistant clerk had held a foreclosure hearing and sale and the sale of the property had been confirmed by passage of the upset bid period.

We note initially that North Carolina General Statutes § 45-21.16 (Cum. Supp. 1993) requires the clerk of court to examine four issues in determining whether to proceed with a foreclosure by power of sale, those being (1) the existence of a valid debt; (2) the existence of a default; (3) the trustee's right to foreclose; and (4) sufficiency of notice. *Phil Mechanic Construction Co. v. Haywood*, 72 N.C. App. 318, 325 S.E.2d 1 (1985). Once the clerk of court has determined the existence of each of these items, the clerk authorizes the trustee to proceed with the power of sale contained in the mortgage instrument.

After the trustee conducts the sale of the foreclosed real property, and the ten day period for an upset bid authorized pursuant to North Carolina General Statutes § 45-21.27 (Cum. Supp. 1993) has passed, "the rights of the parties to the sale . . . become fixed." The failure of the high bidder to comply with the bid is governed in part by North Carolina General Statutes § 45-21.30(c) (Cum. Supp. 1993):

> When the highest bidder at a sale or resale or any upset bidder fails to comply with his bid upon tender to him of a deed for the real property or after a bona fide attempt to tender such a deed, the clerk of superior court may, upon motion, enter an order authorizing a resale of the real property. The procedure for such resale shall be the same in every respect as is provided by this Article in the case of an original sale of real property *except that the provisions of G.S. 45-21.16 are not applicable to the resale.* (Emphasis added.)

We find that the trustee improperly issued a new notice of hearing on foreclosure of the deed of trust naming both Pickett and Pickett Enterprises as parties and that the clerk of court improperly conducted a new foreclosure hearing in this proceeding allowing the addition of Pickett as a party. We observe that when CCB refused to pay the bid price which it had bid at the 7 July 1992 foreclosure sale of the subject property, the clerk of court properly held that CCB would be liable on its bid to the extent

IN RE FORECLOSURE OF EARL L. PICKETT ENTERPRISES

[114 N.C. App. 489 (1994)]

that the final sales price on the resale was less than the amount of its bid, pursuant to North Carolina General Statutes § 45-21.30(d) (Cum. Supp. 1993) which states that "[a] defaulting bidder at any sale or resale or any defaulting upset bidder is liable on his bid, and in case a resale is had because of such default, he shall remain liable to the extent that the final sale price is less than his bid plus all the costs of the resale." However, when the trustee decided, in his discretion, to hold a resale, he was required to follow North Carolina General Statutes § 45-21.30(c), which clearly indicates that "[t]he procedure for such resale shall be the same in every respect as is provided by this Article in the case of an original sale of real property *except that the provisions of G.S. 45-21.16 are not applicable to the resale.*" Therefore, the new notice of hearing on foreclosure of the deed of trust and the new foreclosure hearing in this proceeding were improper.

In ruling as such, we note that if the subject property had been sold on 7 July 1992 to a bidder who did not default, and if a deficiency had remained after the sale, the holder would have been estopped from asserting liability against Pickett as Pickett did not receive notice of the foreclosure hearing. North Carolina General Statutes § 45-21.16 (Cum. Supp. 1993). Likewise, the trustee herein cannot now attempt to obligate Pickett to what might turn out to be a deficiency judgment because of CCB's liability on its original bid.

Therefore, we find the trial court erred in allowing the trustee to hold a new hearing and sale in this foreclosure proceeding.

The decision of the trial court is reversed.

Judges EAGLES and MARTIN concur.