ROSA R. WATSON, LINWOOD W. WATSON AND BYRUM W. WATSON PETITIONERS v. LILLIAN P. BRINKLEY, RANDALL ALAN FREULER AND CATHY J. FREULER, RESPONDENTS

No. COA10-1145

(Filed 19 April 2011)

**Highways and Streets— cartway—final judgment by clerk—exceptions after jury of view report—not reviewed**

A judgment entered by the clerk ordering that a permanent cartway be established across respondents' land and appointing a jury of view became final when neither party filed exceptions or an appeal. A request for a trial *de novo* after the report of the jury of view and a request that an additional party be added were correctly denied.

Appeal by respondents from order entered 27 May 2010 by Judge Alma L. Hinton in Halifax County Superior Court. Heard in the Court of Appeals 9 February 2011.

*Moseley, Elliott & Dickens, L.L.P., by Bradley A. Elliott, for the petitioner-appellees.*

*Whitaker Law Office, by Cary Whitaker, for the respondent-appellants.*

STEELMAN, Judge.

The trial court correctly held that respondents' failure to timely appeal the judgment of the clerk of court establishing petitioners'

right to a cartway across respondents' land rendered that judgment final. The trial court was without jurisdiction to review the establishment of the right of petitioners to a cartway, and to consider alternative routes over the property of adjacent landowners.

## I. Factual and Procedural History

Rosa Watson, Linwood Watson, and Byrum Watson (collectively "petitioners") own 49.57 acres of land in Halifax County, North Carolina. Petitioners' tract of land lacks access to a public road. Lillian Brinkley, Randall Frueler and Cathy Frueler (collectively "respondents") own land that is adjacent to petitioners' tract and is located between petitioners' land and the only public road in the vicinity, State Road No. 1405. Petitioners harvested timber from their property and filed a petition before the clerk of the superior court seeking a permanent cartway across respondents' land to gain access to a public road, pursuant to N.C. Gen. Stat. § 136-68 *et seq.*

On 13 March 2008, the clerk entered judgment ordering that a permanent cartway be established across respondents' land and appointed a jury of view to determine the location of the cartway and to assess damages. Neither party filed exceptions or an appeal from the judgment. The report of the jury of view was filed on 20 August 2008. Respondents filed exceptions to this report, and requested that an additional party, Robert Harris ("Harris"), be added. Respondents asserted that Harris' property offered an alternate route from petitioners' land to a public road. On 17 November 2008, the clerk of superior court ordered that Harris be joined as a party. On 16 January 2009, Linda E. Harris, Anthony L. Conner, and Melissa H. Conner were also added as parties who owned land that could serve as alternate locations for the cartway to petitioners' lands. Petitioners appealed this order to the superior court. On 7 April 2009, the trial court held that the clerk's judgment of 13 March 2008 granting petitioners a cartway across respondents' land was a final judgment since neither party excepted or appealed within the ten day time period set forth in N.C. Gen. Stat. § 1-301.2(e) (2008). This judgment was a final determination of the petitioners' and original respondents' rights. The trial court vacated the clerk's orders adding additional parties and remanded the case to the clerk of superior court to determine respondents' objections to the jury of view report.

On 31 December 2009, the jury of view submitted a modified report. The report established a cartway eighteen feet in width across respondents' property. The report also listed the respondents' damages

as $5,750, the decrease in fair market value of respondents' property as a result of the cartway. Respondents filed four exceptions to the modified jury of view report. They asserted that (1) there were alternative routes for the cartway that the report did not consider; (2) the compensation provided did not conform to N.C. Gen. Stat. Chapter 40A, Article 4; (3) the cartway was not described properly because a survey had not been completed; and (4) the cartway was not necessary, reasonable, or just under the circumstances. On 12 April 2010, after hearing the arguments and evidence of both parties, the clerk overruled the exceptions of the respondents and confirmed the jury of view report. On 21 April 2010, respondents appealed the clerk's order and requested a trial *de novo*. On 7 May 2010, respondents once again requested that Robert and Linda Harris and Anthony and Melissa Conner be added as parties to the action.

On 27 May 2010, the trial court affirmed the modified jury of view report and denied respondents' request to add additional parties.

Respondents appeal.

## II. Trial *De Novo*

In their first argument, respondents contend that the trial court erred in not granting a trial *de novo* to consider the clerk's grant of a cartway to petitioners. We disagree.

### A. Standard of Review

When reviewing a question of subject matter jurisdiction, the appellate standard of review is *de novo. Keith v. Wallerich,* —— N.C. App. ——, ——, 687 S.E.2d 299, 302 (2009). A *de novo* standard of review requires the appellate court to examine the case anew as if there had never been a trial court ruling. *See In re Hayes,* 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964).

### B. Analysis

Respondents contend that the trial court should have considered all matters appealed from the clerk of court *de novo*.

N.C. Gen. Stat. § 1-301.2(e) provides that "a party aggrieved by an order or judgment of a clerk that finally disposed of a special proceeding, may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a hearing de novo." This statute clearly establishes the right of parties to appeal a clerk's order granting a cartway and receive a trial *de novo* in superior court. *See Jones v.*

*Robbins*, 190 N.C. App. 405, 409, 660 S.E.2d 118, 121 (2008), *disc. review denied*, 362 N.C. 472, 666 S.E.2d 120 (2008). The clerk's order establishing a cartway was a final judgment, and will become a final determination of the parties' rights unless they appeal. *Candler v. Sluder*, 259 N.C. 62, 66, 130 S.E.2d 1, 4 (1963) ("An order of a clerk of superior court adjudging the right to a cartway is a final judgment and an appeal lies therefrom."). The statute also requires that the parties appeal a clerk's order within ten days to receive a trial *de novo* in superior court. *Mechanic Construction Co. v. Haywood*, 56 N.C. App. 464, 465, 289 S.E.2d 134, 134 (1982) (analyzing a predecessor statute, this Court held, "as petitioners failed to perfect their appeal from the order of the Clerk by giving notice of appeal to the Superior Court within ten days of the entry of the order . . . . The court was, therefore, without jurisdiction to review the ruling.").

Respondents never appealed the clerk's judgment of 13 March 2008 establishing a cartway across their land. The trial court did not err in refusing to grant respondents a trial *de novo*.

### III. Failure to Add Additional Parties

In their second argument, respondents claim that the trial court erred by failing to add additional parties to this action. This argument is also controlled by respondents' failure to appeal the clerk's 13 March 2008 judgment within the ten day period established by N.C. Gen. Stat. § 1-301.2(e). The clerk's judgment establishing petitioners' right to a cartway across respondents' land was a final judgment and the jury of view was required to execute this judgment. *Triplett v. Lail*, 227 N.C. 274, 275, 41 S.E.2d 755, 756 (1947) ("The appointment of a jury of view, to locate, lay off, and mark the bounds of the easement thus established, is the mechanics, in the nature of an execution, provided for the enforcement of the order."). Respondents' failure to appeal the clerk's 13 March 2008 judgment prevents the addition of other parties to the proceedings.

The judgment of the trial court is affirmed.

AFFIRMED.

Judges ELMORE and ERVIN concur.