NEXSEN PRUET, PLLC, Plaintiff v. KAREN CARTER MARTIN and MARTIN COPE LIVINGSTON III, personal representatives of the Estate of John Van Lindley, Defendants

No. COA10-848

(Filed 21 June 2011)

**Attorney Fees— prejudgment interest—costs**

> The trial court did not err by granting summary judgment in favor of defendants on the issue of prejudgment interest for legal fees recovered from an estate. The trial court properly characterized the attorney fees as costs, which were specifically excepted from the interest provisions of N.C.G.S. § 24-5(b).

Appeal by plaintiff from order entered 21 May 2010 by Judge Anderson D. Cromer in Guilford County Superior Court. Heard in the Court of Appeals 12 January 2011.

*Barron & Berry, L.L.P., by Vance Barron, Jr., for plaintiff.*

*Hendrick Bryant & Nerhood, LLP, by Matthew H. Bryant, for defendants.*

ELMORE, Judge.

Nexsen Pruet, PLLC (plaintiff or Nexsen Pruet), appeals from an order granting a motion by Karen Carter Martin and Martin Cope Livingston III (defendants), for summary judgment. After careful review, we affirm.

I. Background

Plaintiff, a law firm, brought this suit to recover legal fees in the amount of $150,258.54 due from the estate of John Van Lindley; defendants are the personal representatives of the estate. The facts of the case underlying this appeal can be found at *Livingston v. Adams Kleemeier Hagan Hannah & Fouts, P.L.L.C.*, 163 N.C. App. 397, 594 S.E.2d 44 (2004); below are the facts relevant to the current appeal.

The co-executors of the Estate of John Van Lindley (Estate) filed three separate petitions asking the Guilford County Clerk of Superior Court (Clerk) to approve payment of attorney's fees and out-of-pocket expenses for the Estate's law firm, Adams Kleemeier Hagan Hannah & Fouts (the law firm). On 8 October 1991, 12 March 1992,

and 8 January 1993, the Clerk entered three separate orders for the payment of those fees and expenses. The last order approved attorney's fees and expenses through 30 September 1992.

On 29 May 2002, one of the co-executors, Walter Hannah, petitioned the superior court for an additional payment of counsel fees and expenses for services rendered since 30 September 1992. The petition stated that there was an unpaid balance of $150,258.54 due on the 1991, 1992, and 1993 orders and asked for the Clerk's approval of an additional amount of $175,000.00 for services rendered and out-of-pocket expenses incurred by the law firm after 30 September 1992. The petition also asked for the Clerk's approval of a promissory note and other collateral security agreements that had been executed by the Estate to secure the payment of attorney's fees and expenses. While the petition was pending, on 29 January 2004, the successor firm, Nexsen Pruet, was substituted as a party for the original law firm of Adams Kleemeier Hagan Hannah & Fouts.

From March to June of 2005, the Clerk entered four orders ruling on all pending matters raised by the co-executor's petition. In sequence, the orders are:

1. Order denying motions of Virginia L. Livingston to modify prior orders and to dismiss petition as barred by statute of limitations,

2. Order allowing co-executors to file special proceeding to sell land,

3. Order denying approval of additional $175,000.00 in attorney's fees and costs,

4. Order denying Virginia L. Livingston's request that the estate be allowed a credit of $43,961.20 against payments of its attorney's fees.

In the order at issue on this appeal (number 4 in the above list), the Clerk denied the credit of $43,961.20 requested by the Estate's heirs and awarded Nexsen Pruet the unpaid principal balance of $150,258.54 due in attorney's fees and expenses.

All four orders were appealed, first to the superior court of Guilford County and then to this Court. The superior court's orders denying recovery of the additional $175,000.00 in fees and denying the request for a $43,961.20 credit against the approved attorneys's fees

amount were upheld by this Court on 7 August 2007. *See In re Estate of Lindley*, 2007 N.C. App. LEXIS 1774 (N.C. Ct. App., Aug. 7, 2007).

The principal balance due to Nexsen Pruet remained unpaid until 27 October 2009 when Nexsen Pruet received a check for $150,258.54 dated 26 October 2009 paid on behalf of the Estate.

On 16 December 2009, Nexsen Pruet filed its complaint in the present action in Guilford County Superior Court. Nexsen Pruet seeks post-judgment legal interest on the principal balance of $150,258.54 at the legal rate of eight percent per annum from the date of entry of the order of 2 June 2005 until 27 October 2009, when the debt of the Estate was paid.

The Estate responded to Nexsen Pruet's complaint with a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Rules of Civil Procedure and with other motions. Nexsen Pruet moved for summary judgment on 12 March 2010. The Estate's motion to dismiss for failure to state a claim was properly treated as a cross-motion for summary judgment by virtue of the trial court's consideration of matters outside the pleadings. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b) (2009).

On 21 May 2010, the superior court denied Nexsen Pruet's motion for summary judgment and granted the Estate's motion for summary judgment. Nexsen Pruet filed notice of appeal on 26 May 2010.

II. Motion to dismiss

Plaintiff is appealing the grant of defendants' motion for summary judgment and denial of its motion for the same. We review a trial court's grant of summary judgment *de novo. Craig v. New Hanover County Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citation omitted). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Id.* at 337, 678 S.E.2d at 353 (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009)). We draw all inferences against the movant. *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975) (citation omitted).

III. Interest on the judgment

The order on summary judgment stated as follows:

The Court concludes that:

a. the Plaintiff's action is one for interest only on attorney's fees awarded by the Clerk of Court of Superior Court, acting as ex officio judge of probate, as reasonable expenses of the Estate;

b. all attorney['s] fees ordered by the Clerk of Court to be paid by the Estate . . . have been paid in full by the Estate.

c. An award of attorney's fees is consider[ed] costs, which do not bear interest.

d. Defendants are entitled to summary judgment on all Plaintiff's claims.

Plaintiff argues that these conclusions are in error because the Clerk's order of 2 June 2005 was a judgment within the meaning of N.C. Gen. Stat. § 24-5(b) and, thus, its attorney's fees are properly deemed compensatory damages, not costs. That statute states:

In an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied. Any other portion of a money judgment in an action other than contract, except the costs, bears interest from the date of entry of judgment under G.S. 1A-1, Rule 58, until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

N.C. Gen. Stat. § 24-5(b) (2009). Plaintiff argues that the trial court should have ruled that the attorney's fees were compensatory damages and thus bore interest from the date of the judgment forward. We disagree, and hold that the trial court properly categorized the fees as costs, which are specifically excepted from the interest provisions of the statute.

In *In re Estate of Sturman*, this Court specifically noted that the superior court "is authorized to tax as costs . . . counsel fees . . . 'as provided by law.' " 93 N.C. App. 473, 476, 378 S.E.2d 204, 206 (1989). N.C. Gen. Stat. § 7A-307, "Cost in administration of estates[,]" specifically provides for such recovery of attorney's fees, and, per N.C. Gen. Stat. § 28A-23-4, the clerk of superior court has the discretion to allow attorney's fees when the attorney is functioning as the representative of an estate. N.C. Gen. Stat. § 7A-307(c)(2) (2009); N.C. Gen. Stat. § 28A-23-4 (2009). Taken together, these statutes clearly support the concept underpinning the trial court's ruling: that the superior court

may tax as costs attorney's fees incurred when the attorney is the representative of the estate administering its distribution.

Plaintiff's argument is not supported by the law, and as such is overruled.

Affirmed.

Judges STEELMAN and ERVIN concur.