BETTY L. GRANT, Executrix of the Estate of Tommy J. Grant, Plaintiff v. HIGH POINT REGIONAL HEALTH SYSTEM, Defendant

No. COA04-1439

(Filed 16 August 2005)

**Appeal and Error— appealability—interlocutory order— proper place of trial—substantial right not affected**

Defendant's appeal from the trial court's denial without prejudice of its motion to transfer the case from one division to another in a county with two divisions of court is dismissed as an appeal from an interlocutory order, because: (1) the subject of the present appeal is the proper place of trial within a county under N.C.G.S. § 7A-4(c), and a trial court's denial of a motion to transfer proceedings to a proper place of trial within a county does not affect a substantial right when venue is proper in the county in which the action was filed; and (2) other than its argument that a venue ruling is immediately appealable, defendant has made no argument that the denial of its motion affected a substantial right.

Appeal by defendant from order entered 14 June 2004 by Judge Anderson Cromer in Guilford County Superior Court. Heard in the Court of Appeals 15 June 2005.

*Kennedy, Kennedy, Kennedy & Kennedy, L.L.P., by Harvey L. Kennedy and Harold L. Kennedy, III, for plaintiff appellee.*

*Sharpless & Stavola, P.A., by Joseph P. Booth, III, for defendant appellant.*

McCULLOUGH, Judge.

On 6 February 2004, plaintiff filed an action against defendant in Guilford County Superior Court. There are two divisions of the Guilford County Superior Court: the Greensboro Division and the High Point Division. Plaintiff filed her action in the Greensboro Division, and defendant filed a motion to transfer the case to the High Point Division. The trial court denied the motion without prejudice. The court specifically noted that defendant could renew the motion on the basis of justice and the convenience of witnesses pursuant to N.C. Gen. Stat. § 1-83(2) (2003) after the filing of its answer. From the denial of its motion, defendant now appeals. We conclude that the appeal must be dismissed as interlocutory.

An order "is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2003). A final judgment "disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court[,]" while an interlocutory order "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied,* 231 N.C. 744, 59 S.E.2d 429 (1950).

In general, there is no right to appeal from an interlocutory order. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2003); *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). There are two significant exceptions to this rule. First, an interlocutory order is immediately appealable "when the trial court enters 'a final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." *Jeffreys,* 115 N.C. App. at 379, 444 S.E.2d at 253 (quoting Rule 54(b)). Second, an interlocutory order may be immediately appealed if "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co.,* 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988). Whether an interlocutory appeal affects a substantial right is determined on a case-by-case basis. *McCallum v. N.C. Coop. Extension Serv.,* 142 N.C. App. 48, 50, 542 S.E.2d 227, 231, *appeal dismissed, disc. review denied,* 353 N.C. 452, 548 S.E.2d 527 (2001). This Court has previously held that:

A substantial right is "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." The right to immediate appeal is "reserved for those cases in which the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed." Our courts have generally taken a restrictive view of the substantial right exception. The burden is on the appealing party to establish that a substantial right will be affected.

*Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citations omitted). "When an appeal is interlocutory, the statement [of the grounds for review in an appellant's brief] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4) (2005).

In the present case, defendant admits that the trial court's order is interlocutory, but insists that a substantial right is involved. Specifically, defendant contends that a venue determination is involved. It is true that the "right to venue established by statute is a substantial right," the denial of which is "immediately appealable." *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980). The applicable statutory right to **venue** provides that "the action must be tried in the **county** in which the plaintiffs or the defendants, or any of them, reside at its commencement . . . ." N.C. Gen. Stat. § 1-82 (2003) (emphasis added). Quite differently, the subject of the present appeal is the "**proper place of trial**" within a county. *See* N.C. Gen. Stat. § 7A-42(c) (2003) (emphasis added).

The statute which governs the "proper place of trial" within a county states that "[a]ll laws, rules, and regulations . . . in force and effect in determining the proper venue as between the superior courts of the several counties of the State shall apply for the purpose of determining the proper place of trial as between . . . divisions within [a] county . . . ." *Id.* However, the statute does not go so far as to make venue proper only in the "proper place of trial."

We are unpersuaded that a trial court's denial of a motion to transfer proceedings to a "proper place of trial" within a county necessarily affects a substantial right if venue is proper in the county in which the action was filed. Moreover, other than its argument that a venue ruling is immediately appealable, defendant has made no argu-

**GRANT v. HIGH POINT REG'L HEALTH SYS.**

[172 N.C. App. 852 (2005)]

ment that the denial of its motion affected a substantial right. As such, we conclude that defendant's appeal is interlocutory, does not affect a substantial right, and must be dismissed.

Dismissed as interlocutory.

Judges TYSON and BRYANT concur.