MURPHY, Judge.
Where pleadings disclose an absence of facts sufficient to make a good claim, or some fact that necessarily defeats the action, dismissal under Rule 12(b)(6) is proper. Here, the pleadings reveal that Plaintiff Gloria Brinkley-Caldwell named the wrong Defendant in her complaint. Accordingly, the trial court's dismissal under Rule 12(b)(6) is affirmed.
BACKGROUND
In August 2017, Plaintiff Gloria Brinkley-Caldwell ("Brinkley-Caldwell") filed a negligence action against Defendant Britthaven, Inc. ("Britthaven") seeking damages for injuries suffered by her mother, Annie Brinkley ("Annie"), while under the care of a nursing home allegedly operated by Britthaven. Annie was admitted to North Chase Nursing and Rehabilitation Center ("The Center") for respite care in April 2014 and subsequently suffered serious injuries when an employee of The Center attempted to move her using a lift. Brinkley-Caldwell alleges Britthaven was operating The Center at the time her mother was injured and that the negligence of Britthaven's employee-agents caused her mother's injuries. Her Complaint does not allege Britthaven owned The Center and does not present any theory of liability besides negligence against Britthaven.
After service of Brinkley-Caldwell's complaint, Britthaven was granted an extension of time because "additional time [was] needed to investigate and gather information and prepare the answer." Rather than filing an answer, Britthaven moved to dismiss Brinkley-Caldwell's claims under North Carolina Rules of Civil Procedure 12(b)(2) and 12(b)(6). In support of its motion, Britthaven sought judicial notice of public records purporting to show "it does not own or operate [The Center]." The attached public records were: (1) Articles of Organization for "Redwood LTC Group, LLC" ("Redwood") filed with the Secretary of State on 20 August 2010 and (2) a license "to operate a nursing facility known as [The Center]" issued to Redwood by the Department of Health and Human Services, non-transferable and effective 1 January to 31 December 2014. The trial court granted Britthaven's Motion to Dismiss Brinkley-Caldwell's claims with prejudice, and Brinkley-Caldwell filed timely notice of appeal.
ANALYSIS
The only issue presented on appeal is whether the trial court erred in granting Britthaven's Motion to Dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.
"[T]he essential question on a Rule 12(b)(6) motion, is whether the complaint, when liberally construed, states a claim upon which relief can be granted on any theory." Barnaby v. Boardman , 70 N.C. App. 299, 302, 318 S.E.2d 907, 909, rev'd on other grounds , 313 N.C. 565, 330 S.E.2d 600 (1985) (emphasis in original). "The court must construe the complaint liberally and should not dismiss the complaint unless it appears beyond a reasonable doubt that the plaintiff could not prove any set of facts to support [her] claim which would entitle [her] to relief." Leary v. N.C. Forest Products, Inc. , 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, aff'd per curiam , 357 N.C. 567, 597 S.E.2d 673 (2003). We review a trial court's dismissal under 12(b)(6) de novo, reviewing the pleadings "to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Burgin v. Owen, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428-29 (2007).
The pleadings in this case include Brinkley-Caldwell's complaint and Britthaven's motion to dismiss, which includes two public records appended as exhibits. A court may consider publicly noticeable documents without converting a motion to dismiss to a motion for summary judgment. See Wood v. J.P. Stevens & Co. , 297 N.C. 636, 641, 256 S.E.2d 692, 696 (1979) ("[I]t is clear that judicial notice can be used in rulings on ... motions to dismiss for failure to state a claim."); Funderburk v. JPMorgan Chase Bank, N.A. , 241 N.C. App. 415, 420, 775 S.E.2d 1, 4 (2015) (when ruling on a motion to dismiss under 12(b)(6), it was proper for trial court to consider and take judicial notice of records attached to motion to dismiss). The two public records make it clear that Britthaven was not licensed to operate The Center at the time Annie suffered her injuries.
Dismissal under 12(b)(6) is proper where the pleadings disclose "some fact that necessarily defeats the plaintiff's claim." Burgin, 181 N.C. App. at 512, 640 S.E.2d at 428-29. Brinkley-Caldwell's complaint alleges Britthaven operated The Center at the time Annie resided there. Taking notice of the exhibits, it is clear Redwood LTC Group, LLC had a non-transferable license to operate The Center throughout 2014. This fact necessarily defeats Brinkley-Caldwell's claim that Britthaven operated The Center at the time of Annie's injuries and her sole theory of liability against Britthaven.
Brinkley-Caldwell argues in her reply brief, "Even if Redwood participated in the negligent treatment of Plaintiff's decedent, that participation would not preclude Britthaven from having participated in that treatment as well. Nothing in this record establishes that negligence on the part of Redwood would preclude negligence on the part of Britthaven in injuring Plaintiff's decedent." While it is true that our essential question to answer in this case is whether Brinkley-Caldwell's complaint states a claim upon which relief can be granted on "any theory," it is not our role to create arguments for the parties on appeal. See First Charter Bank v. American Children's Home , 203 N.C. App. 574, 580, 692 S.E.2d 457, 463 (2010). It goes beyond our scope of review to speculate as to how Britthaven may be liable to Brinkley-Caldwell on any theory besides what is alleged in her complaint and what was argued before the trial court. Brinkley-Caldwell's complaint was properly dismissed under Rule 12(b)(6).
Having affirmed the trial court's dismissal under 12(b)(6), we need not address the parties' arguments regarding the statute of limitations. Both parties also discuss the doctrine of equitable estoppel as a possible issue in this case, but Brinkley-Caldwell concedes that the issue was not raised below. Generally, arguments raised for the first time on appeal are considered waived. N.C. R. App. P. 10(a)(1) (2019). "Our Supreme Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." Piraino Bros., LLC v. Atl. Fin. Grp., Inc. , 211 N.C. App. 343, 348, 712 S.E.2d 328, 332, disc. review denied , 365 N.C. 357, 718 S.E.2d 391 (2011). Accordingly, we will not address the application of the equitable estoppel doctrine to Brinkley-Caldwell's claim.
CONCLUSION
The pleadings in this case show an absence of facts sufficient for Brinkley-Caldwell to make a good claim against Britthaven. Therefore, the trial court did not err in dismissing Brinkley-Caldwell's suit pursuant to Rule 12(b)(6).
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR. and DAVIS concur.