An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-18

Filed 5 November 2025

Cumberland County, No. 23CVS005946-250

ROBERT W. FERRIS and SFL+A ARCHITECTS, PA., Plaintiffs,

v.

KATHERINE N. PEELE, LS3P ASSOCIATES LTD., GORDON E. JOHNSON, and GORDON JOHNSON ARCHITECTURE, Defendants.

Appeal by Defendants from Order entered 1 July 2024 by Judge George R. Hicks, III, in Cumberland County Superior Court. Heard in the Court of Appeals 26 August 2025.

> *The Charleston Group, by Jose A. Coker, R. Jonathan Charleston, and Timothy Lorick, for Plaintiffs-Appellees.*
>
> *Hamilton Stephens Steele + Martin, PLLC, by Tracy T. James and Mark A. Mohr, for Defendants-Appellants Gordon E. Johnson and Gordon Johnson Architecture.*
>
> *Cranfill Sumner LLP, by Steven A. Bader, Melody J. Jolly, and Elizabeth C. King, for Defendants-Appellants Katherine N. Peele and LS3P Associates Ltd.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Gordon E. Johnson, Gordon Johnson Architecture, Katherine N. Peele, and

LS3P Associates Ltd. appeal from an Order Partially Granting and Partially Denying their Motions to Dismiss Robert W. Ferris and SfL+a Architects, PA's Complaint. The Record before us—including the factual allegations made in the Complaint, which we treat as true solely for purposes of this appeal—tends to reflect the following:

On 26 April 2021, the Cumberland County Schools Board of Education issued a Request for Qualifications (RFQ) for architectural services for certain renovations to E.E. Smith High School. Johnson, Peele, and Ferris are architects licensed by the North Carolina Board of Architecture and Registered Interior Designers (Board of Architecture). Johnson and Peele, along with their respective architectural firms, Gordon E. Johnson Architecture and LS3P, Ltd., (collectively, Defendants), jointly responded to the RFQ. Ferris and his firm, SfL+a Architects, PA, (collectively, Plaintiffs) also responded to the RFQ.

On 23 August 2021, Defendants were selected for the project. However, an agreement between Defendants and the Board of Education was never finalized. On 11 October 2021, Defendants wrote a letter to Joe Desormeaux, the Board of Education's Associate Superintendent of Auxiliary Services, alleging Ferris had violated the terms of the RFQ and the Board of Architecture's professional conduct standards by reaching out to members of the Board of Education—after Defendants had already been selected for the project—for the purpose of altering the selection and securing the contract. The letter also alleged Ferris had "previously been

sanctioned multiple times by the North Carolina Board of Architecture for similar past unethical professional conduct."

On 9 June 2022, Johnson and Peele submitted a formal complaint against Ferris to the Board of Architecture. On 7 October 2022, while the Board of Architecture was investigating the complaint, Johnson provided the Board of Architecture with a copy of the 11 October 2021 letter to Desormeaux.

At the conclusion of its investigation, the Board of Architecture determined there was probable cause Ferris had violated N.C. Gen. Stat. § 83A-15 by "attempting to supplant another architect on a project" but had not willfully violated the statute by "offering to pay a gift, commission, political contribution, or other consideration in order to secure work." Ferris filed a Petition for Review with Wake County Superior Court; that appeal was subsequently dismissed on 27 September 2023.

On 6 October 2023, Plaintiffs filed a Complaint against Defendants alleging claims for Libel *per se*, Libel *per quod*, Unfair and Deceptive Trade Practices, and Punitive Damages based on Defendants' statement in the 11 October 2021 letter which alleged Ferris had previously been "sanctioned multiple times" by the Board of Architecture. Plaintiffs alleged Defendants published the allegedly defamatory statement on multiple dates: 11 October 2021, 30 November 2021, and 7 October 2022.

On 11 December 2023, Johnson and Gordon Johnson Architecture filed a Motion to Dismiss, Answer, and Counterclaim. Peele and LS3P Associates, Ltd.,

likewise filed a Motion to Dismiss, Answer, and Counterclaim on 18 December 2023. Defendants asserted, *inter alia*, that Plaintiffs' claims were barred because the allegedly defamatory statement was protected by absolute privilege and because they have statutory immunity from claims arising out of the Unfair and Deceptive Trade Practices Act.

On 1 July 2024, the trial court entered an Order Partially Granting and Partially Denying Defendants' Motions to Dismiss the Complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court dismissed Plaintiffs' claims for Libel as to the 11 October 2021 and 30 November 2021 instances of publication but not as to the 7 October 2022 instance of publication. Defendants timely filed Notice of Appeal.

## **Appellate Jurisdiction**

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001) (quoting *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). A party may appeal an interlocutory order if either: (1) "the trial court enters a final judgment as to one or more but fewer than all of the claims or parties" and certifies there is no just reason to delay appeal, or (2) "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint*

*Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (citations and quotation marks omitted).

Defendants acknowledge their appeal is interlocutory. *See generally Reid v. Cole*, 187 N.C. App. 261, 263, 652 S.E.2d 718, 719 (2007) ("Typically, the denial of a motion to dismiss is not immediately appealable to this Court because it is interlocutory in nature." (citation omitted)). However, Defendants argue this Court nonetheless has appellate jurisdiction over this appeal because the trial court's Order rejecting their invocation of the absolute privilege defense affects a substantial right which would be lost absent immediate appeal. "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 804 (2002) (citation and quotation marks omitted). "[T]he appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254 (citations omitted).

In the case *sub judice*, Defendants argue they are immune from suit because the allegedly defamatory statement was absolutely privileged and because they have statutory immunity from claims arising out of the Unfair and Deceptive Trade Practices Act. "As a general rule, claims of immunity affect a substantial right, and therefore merit immediate appeal." *Stahl v. Bowden*, 274 N.C. App. 26, 28, 850 S.E.2d 588, 590 (2020) (citing *Farrell v. Transylvania Cnty. Bd. of Educ.*, 199 N.C.

App. 173, 176, 682 S.E.2d 224, 227 (2009)). This Court has previously analogized claims of absolute privilege to claims of immunity from suit. *See Topping v. Meyers*, 270 N.C. App. 613, 842 S.E.2d 95 (2020), *review denied, appeal dismissed*, _ N.C. _, 854 S.E.2d 800 (2021) (Mem.); *Bouvier v. Porter*, 279 N.C. App. 528, 865 S.E.2d 732 (2021), *overruled on other grounds by*, 386 N.C. 1, 900 S.E.2d 838 (2024).

"Whether an interlocutory appeal affects a substantial right is determined on a case-by-case basis." *Grant v. High Point Reg'l Health Sys.*, 172 N.C. App. 852, 853, 616 S.E.2d 688, 689 (2005) (citation omitted). On the facts of this case, we conclude—to the extent the trial court's Order dismissed Defendants' absolute privilege defense and declined to dismiss Plaintiffs' claims on this defense—Defendants have established the trial court's Order affects a substantial right which may be lost absent immediate review. Therefore, this Court has appellate jurisdiction to consider the merits of this otherwise interlocutory appeal.[1]

## Issue

The issue on appeal is whether absolute immunity bars all of Plaintiffs' claims arising out of the 9 June 2022 Board of Architecture complaint.

## Analysis

On appeal from a Rule 12(b)(6) motion to dismiss, this Court conducts "a *de*

---

[1] Defendants have also filed, in the alternative, a Petition for Writ of Certiorari requesting we review the merits of their case in the event we determine Defendants have no right of immediate appeal. Resting on our conclusion the Order appealed from affects a substantial right and, thus, immediate appeal of this issue is permitted, we dismiss the Petition for Writ of Certiorari as moot.

*novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003), *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003) (Mem.). As such, this Court also views the allegations in the complaint in the light most favorable to the non-moving party. *Donovan v. Fiumara*, 114 N.C. App. 524, 526, 442 S.E.2d 572, 574 (1994) (citation omitted). Further, this Court considers "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citation omitted).

In the case *sub judice*, Plaintiffs alleged distinct claims for Libel *per se* and Libel *per quod*. "Libel *per se* is a publication which, when considered alone without explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace." *Phillips v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 117 N.C. App. 274, 277, 450 S.E.2d 753, 756 (1994) (citations omitted), *disc. review denied*, 340 N.C. 115, 456 S.E.2d 318 (1995) (Mem.). "In an action for libel or slander *per se*, malice and damages are deemed presumed by proof of publication, with no further evidence required as to any resulting injury." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 30, 568 S.E.2d 893, 898 (2002) (citation omitted).

Similarly, "[l]ibel *per quod* may be asserted when a publication is not obviously defamatory, but when considered in conjunction with innuendo, colloquium, and explanatory circumstances it becomes libelous." *Skinner v. Reynolds*, 237 N.C. App. 150, 157, 764 S.E.2d 652, 657 (2014) (citation and quotation marks omitted). In contrast to libel *per se*, "[t]o state a claim for libel *per quod*, a party must specifically allege and prove special damages as to each plaintiff." *Id.* at 157, 764 S.E.2d at 658 (citations and quotation marks omitted).

"Even if a plaintiff establishes all the essential elements of libel, however, a defamation action will not lie if 'the circumstances under which the statement was published confer upon the publisher a privilege to publish it.' " *Bouvier*, 386 N.C. at 10, 900 S.E.2d at 846 (quoting *R.H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO*, 270 N.C. 160, 170, 154 S.E.2d 344, 354 (1967)). "One such privilege is the 'absolute privilege,' which applies when the public has an interest in the defendant speaking 'his mind fully and freely.' " *Id.* at 10, 900 S.E.2d at 847 (quoting *Ramsey v. Cheek*, 109 N.C. 270, 273, 13 S.E. 775, 775 (1891)). "[A] defamatory statement is absolutely privileged if it is made in the due course of a judicial or quasi-judicial proceeding and is relevant and pertinent to the subject matter of the proceeding." *Id.* (citations omitted).

Here, Plaintiffs do not contest the statement was made in the context of a judicial proceeding: the Board of Architecture's investigation of Johnson and Peele's

complaint. Thus, we consider whether the allegedly defamatory statement was relevant to the Board of Architecture's investigation. *See id.*

> A statement is irrelevant or impertinent if it is 'so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.' Stated another way, a statement is relevant and pertinent 'if it is so related to the subject matter of the controversy that it may become the subject of inquiry in the course of the proceeding.'

*Id.* (alterations and internal citations omitted) (quoting *Scott v. Statesville Plywood & Veneer Co.*, 240 N.C. 73, 76, 81 S.E.2d 146, 149 (1954)).

Plaintiffs argue the statement was not relevant to the Board of Architecture's investigation because it was not relevant to the violations Johnson and Peele had alleged in their complaint. Specifically, Plaintiffs argue the alleged libelous statement "did not assist the [Board of Architecture] in determining whether Ferris attempted to supplant another architect selected for a project or offered contributions in exchange for awarding a contract in connection with the RFQ."

The case of *Watts-Robinson v. Shelton* presents facts similar to those at bar, and we find it instructive. There, the plaintiff, an attorney, alleged the defendant had defamed her while testifying against her in a disciplinary hearing investigating allegations that the plaintiff had "mismanaged entrusted client funds and engaged in professional misconduct[.]" 251 N.C. App. 507, 507-08, 796 S.E.2d 51, 53 (2016). The defendant had testified he was concerned the plaintiff was "trying to run some kind of scam[.]" *Id.* at 509, 796 S.E.2d at 53. The plaintiff claimed, since the

disciplinary hearing was "not focused on any alleged scam she ran, [the defendant's] 'scam' claim was not 'sufficiently relevant to the proceeding' but was 'palpably irrelevant to [its] subject matter.' " *Id.* at 512, 796 S.E.2d at 55 (second alteration in original).

This Court disagreed, noting "central to the subject matter of [the plaintiff's] disciplinary hearing was her alleged mismanagement of entrusted client funds," and the defendant had testified he became concerned the plaintiff was running a scam after observing how she dealt with client funds. *Id.* Thus, "[c]onsidering the entire exchange in context, [the defendant's] response . . . was sufficiently relevant such that it was not palpably irrelevant to the subject matter of the disciplinary proceeding." *Id.*

Here, the statement at issue, like the statement in *Watts-Robinson*, when considered in the full context of the Board of Architecture's investigation, was at least so related to the subject matter of the controversy such that it may have "become the subject of inquiry in the course" of the proceedings. *See Bouvier*, 386 N.C. at 11, 900 S.E.2d at 847 (citation and quotation marks omitted). The subject matter of the Board of Architecture's investigation, in Plaintiffs' own words, was whether Ferris had "attempted to supplant another architect selected for an architecture job and offered contributions to the county to secure a contract in connection with the RFQ." Thus, the allegedly defamatory statement—which alleged Ferris had previously committed conduct similar to that alleged in Johnson and Peele's complaint—was

sufficiently relevant to the Board of Architecture's investigation. Certainly, we cannot conclude the statement here was so "palpably irrelevant" to the proceedings that "no reasonable man [could] doubt its irrelevancy or impropriety." *See id.* (citation and quotation marks omitted).

Moreover, at the hearing on Johnson and Peele's complaint to the Board of Architecture, Cathe Evans, Executive Director of the Board of Architecture, testified Ferris' disciplinary history was, in fact, relevant to the Board of Architecture's investigation:

> [Evans]: The committee looked at [Ferris'] past, looked at history – *which is not out of the ordinary in the course of an investigation against an architect to look to see if there's anything – any disciplinary history recorded.*

(emphasis added). Thus, we agree with Defendants the statement was relevant to the subject matter of the hearing. Therefore, Defendants' allegedly defamatory statement was absolutely privileged, necessarily defeating Plaintiffs' claims for Libel *per se* and Libel *per quod*. Consequently, Plaintiffs' claims for Libel should have been dismissed.

Since Plaintiffs failed to state a claim for Libel, they have also failed to state a claim for Unfair and Deceptive Trade Practices. The only basis Plaintiffs alleged for their claim for Unfair and Deceptive Trade Practices was Libel. Because Plaintiffs' claim for Libel fails, their claim for Unfair and Deceptive Trade Practices cannot properly be based on Libel. *See Nucor Corp. v. Prudential Equity Group, LLC*, 189

N.C. App. 731, 739, 659 S.E.2d 483, 488 (2008) ("As we have already determined that plaintiff's claim for libel *per se* was properly dismissed, plaintiff's unfair and deceptive trade practices claim cannot be based upon the libel *per se*."). Thus, this claim should also have been dismissed.[2]

Finally, as to Plaintiffs' claim for Punitive Damages, "a claim for punitive damages is not a stand-alone claim." *Funderburk v. JPMorgan Chase Bank, N.A.*, 241 N.C. App. 415, 425, 775 S.E.2d 1, 8 (2015). Further, a claim for punitive damages may succeed only if Plaintiffs show Defendants were "liable for compensatory damages and their injury was the result of fraud, malice, or willful or wanton conduct." *Id.* (citing N.C. Gen. Stat. § 1D-15(a) (2013)). Since each allegation in Plaintiffs' Complaint fails to state a claim, Plaintiffs are not entitled to damages—punitive or otherwise. Thus, Plaintiffs' claim for Punitive Damages should also have been dismissed.

## **Conclusion**

Accordingly, for the foregoing reasons, we reverse the portion of the trial court's Order denying Defendants' Motions to Dismiss Plaintiffs' claims for Libel, Unfair and Deceptive Trade Practices, and Punitive Damages and remand with instructions to

---

[2] Because we dispose of Plaintiffs' claim for Unfair and Deceptive Trade Practices on this ground, we do not address the parties' arguments as to whether Defendants possess statutory immunity from claims arising under the Unfair and Deceptive Trade Practices Act.

dismiss Plaintiffs' Complaint against Defendants with prejudice.[3]

REVERSED AND REMANDED.

Judges TYSON and FLOOD concur.

Report per Rule 30(e).

---

[3] Plaintiffs have not challenged the dismissal of their other claims. Consequently, we leave that portion of the trial court's Order undisturbed.